IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MA'AQUIL NI'MILL LITTLEJOHN,    )<br>    Plaintiff,                                 )<br>v.                                             )<br>                                               )<br>OFFICER B. ARRITT, *et al.*,         )<br>    Defendants.                        )  | Civil Case No. 7:19-cv-00553<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Ma'aquil Ni'Mill LittleJohn, an inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. It is now before the court for review pursuant to 28 U.S.C. § 1915A(a). For the reasons discussed herein, the court concludes that the complaint, as currently pled, fails to state a claim for which relief can be granted, and so must be dismissed.

## I.  BACKGROUND

LittleJohn's brief complaint contains two claims. In the first, he alleges that an Albemarle County Police Officer, defendant B. Arritt, "made a false statement to a magistrate in order to obtain a search warrant to get 2 [vials] of my blood while I was in a semi-conscious state at the hospital." (Compl. 2.) In the second, he claims that he was racially profiled, wrongfully arrested, and searched without any probable cause. (*Id.*) He offers little in the way of additional detail, and names three defendants: Arritt, the University of Virginia Medical Center, and unknown officers of the Albemarle Police Department.

## II.  DISCUSSION

Upon review of LittleJohn's complaint, the court concludes that it fails to state a claim and, accordingly, is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

There are several problems with the allegations against the University of Virginia Medical Center and Albemarle Police Department, one of them being that LittleJohn does not identify any unconstitutional action taken by a specific individual. Regardless, his claims fail for a more fundamental reason. It appears that LittleJohn is attempting to challenge the propriety of his arrest on some unspecified date, and a search (taking vials of his blood) carried out pursuant to a search warrant issued by a magistrate judge. At least based on the limited factual matter in the complaint, those allegations are not viable at this time.

As the Fourth Circuit has explained,

> "[a]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued"—*e.g.*, post-indictment or arraignment—are considered a § 1983 malicious prosecution claim. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996). Such a claim "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (quoting *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000)). To succeed, a plaintiff must show that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal

proceedings terminated in [the] plaintiff's favor." *Id.* *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017), *as amended* (Aug. 22, 2017).

LittleJohn does not allege that the criminal proceedings at issue terminated in his favor, nor does he identify his charges, the issuing jurisdiction, or the date or dates of the alleged events with sufficient particularity to research state court records.[1] But assuming he was convicted and the charges brought on that day have not been terminated in LittleJohn's favor, which he does not allege, then he may not bring § 1983 claims that would "necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As the Supreme Court has explained, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. Instead, "habeas corpus is the appropriate remedy" for a state prisoner to challenge his conviction. *Id.* at 482.

*Heck* instructs that if granting relief on a civil claim, such as a malicious prosecution or false arrest claim, would necessarily call into question the validity of a criminal judgment, then the civil case cannot proceed unless the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

Again, LittleJohn's complaint does not indicate that whether the search and the arrest he challenges resulted in any subsequent conviction. But it is clear that he has not alleged that the

---

[1] Albemarle County Circuit Court records reflect three criminal cases against LittleJohn, resulting in convictions for eluding or disregarding police, driving on a suspended license, and driving while intoxicated—first offense. He was sentenced for these charges on May 10, 2018, and his sentences included a five-year sentence, with two years suspended, and a consecutive twelve-month sentence, with only two months suspended. LittleJohn was incarcerated at the time he filed his complaint, and remains incarcerated according to a change of address he filed in January 2020. So, he is likely still serving his sentences related to those convictions.

criminal proceedings that resulted have terminated in his favor or that, if he has been convicted, that his conviction has in any way been determined to be invalid in any forum. Absent that showing, as required by *Heck*, he is barred from bringing in a § 1983 action all of the claims he has asserted related to his criminal proceedings. *See id.*

### III. CONCLUSION

For the foregoing reasons, the court will summarily dismiss the action without prejudice under § 1915A(b)(1). Nothing in this opinion precludes LittleJohn from refiling his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.

An appropriate order will be entered.

Entered: May 8, 2020.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge